MORRIS WELENSKY, Appellant, v. SAMUEL S. BRESLIN, Respondent.

First Department, February 9, 1917.

Insolvency — assignment for benefit of creditors — duty of assignee to protect goods of assignor — loss of goods after eviction by landlord for rent unpaid — negligence of assignee.

Where an assignee for the benefit of creditors took possession of the assignor's store and locked the same with knowledge that the rent was unpaid, so that he had reason to believe that summary proceedings would be started, it was his duty to use reasonable care in the preservation of the goods. Hence he is liable to the assignor for the value of goods which were stolen when the landlord, under a warrant of dispossession, removed the goods from the store and placed them upon the sidewalk, if he was negligent in taking no steps to protect the goods.

APPEAL by the plaintiff, Morris Welensky, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 8th day of June, 1916, upon a dismissal of the complaint by direction of the court on the opening.

*Nathan Kelmenson,* for the appellant.

*Morris Meyers,* for the respondent.

SMITH, J.:

The judgment was directed upon the pleadings and upon plaintiff's opening. It appears that the plaintiff, being in embarrassed circumstances, made an assignment for the benefit of creditors to the defendant. The defendant took possession of the store in which the plaintiff was located and of the goods therein. He locked the store and made the same reasonably secure. Thereafter the landlord instituted dispossess proceedings for the non-payment of rent that had accrued prior to the assignment. It does not appear that personal service of the notice of these proceedings was made either upon the plaintiff or defendant. Notice, however, was posted upon the door of the building upon the premises. In the proceedings the mar-

shal broke through the window of the store and took the goods of the plaintiff and dumped them into the street, from which place some of the goods were stolen. Meantime bankruptcy proceedings were started, and plaintiff finally made an agreement with his creditors, which was approved by the bankruptcy court, by which court an order was made that the defendant should turn over the goods in his possession to the plaintiff. These goods were turned over; the goods that had been stolen, however, were not accounted for, and this action is brought by the plaintiff to recover for his loss of the goods that were stolen, claiming that it was caused by the defendant's negligence.

It appears that at the time of the assignment the defendant had notice of the fact that rent was unpaid. He had every reason to believe, therefore, that summary proceedings would be started and that he would be evicted from the premises. His duty to his assignor was to use reasonable care in the preservation of these goods. Notwithstanding the probability that he would be turned out of these premises, he made no provision for storing the goods elsewhere, nor did he give any notice to the landlord of his rights in order that he might have notice of any dispossess proceedings that were started. His failure in some way to protect these goods against their probable hazard might be held by the jury to constitute negligence in caring for this property.

The trial court was in error, therefore, in directing a verdict for the defendant, and the judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.